UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAVANNAH PARTIPILO,

    Plaintiff,

v.    Case No. 3:17cv549-MCR-CJK

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.
_____/

REPORT AND RECOMMENDATION

On September 20, 2018, the court entered an order remanding this Social Security disability case to the Commissioner for further proceedings. (Doc. 17). Plaintiff's counsel now seeks $6,538.74 in attorney's fees and $5.89 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docs. 19, 20).

The Commissioner does not challenge plaintiff's entitlement to fees under the EAJA but opposes the amount of attorney's fees requested. (Doc. 21). The Commissioner: (1) "objects to all paralegal hours," asserting "those hours were performed by Plaintiff Counsel's professional staff—not a paralegal and those hours are not compensable under [the] EAJA"; and (2) "objects to the amount of attorney hours Plaintiff claims as unreasonable." (Doc. 21, p. 1-2).

Paralegal time is recoverable under the EAJA to the extent the paralegal performs work traditionally done by an attorney. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). The Commissioner, however, asserts "[t]he work Plaintiff claims in this case was not completed by a paralegal nor was it work that is traditionally performed by attorneys." (Doc. 21, p. 3). The Commissioner notes "Plaintiff's attorney [did] not submit any documentation showing that these individuals were paralegals" and "Plaintiff's attorney identifies these individuals as 'my professional staff' not paralegals."

Although plaintiff's attorney makes a reference to "professional staff" in the motion, he also represents the individuals are paralegals. (Doc. 20, p. 2) ("Exhibit D lists the paralegals and their time."). Furthermore, the Eleventh Circuit has indicated the analysis of whether a non-attorney's time is compensable is guided by the individual's performance of work traditionally done by an attorney, rather than their designation as a paralegal. *See Jean*, 863 F.2d at 778 (affirming "award of *law clerk* and paralegal fees"; noting denying such fees "would be counterproductive because excluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost") (emphasis added). The time requested on behalf of counsel's staff, therefore, should be compensable under the EAJA.

The Commissioner also argues: (1) the amount of attorney hours plaintiff claims is unreasonable; and (2) the tasks performed by counsel's staff constitute clerical work and are not compensable. *See Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("Tasks of a clerical nature are not compensable as attorney's fees."). The Commissioner, however, does not identify any particular time entry as unreasonable or noncompensable. Nor does the Commissioner suggest an alternative amount of fees she believes is reasonable. Nevertheless, the undersigned carefully scrutinized the time records submitted by plaintiff and finds the time requested to be reasonable and compensable.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for attorney's fees and expenses under the Equal Access to Justice Act (docs. 19, 20) be GRANTED. That plaintiff be awarded attorney's fees and expenses in the amount of $6,544.63, to be paid by defendant Commissioner within a reasonable time. That the Commissioner send payment to plaintiff's counsel's office address. That the Commissioner follow *Astrue v. Ratliff*, 560 U.S. 586 (2010), but make prompt payment to plaintiff's counsel if no outstanding federal debt is due.

At Pensacola, Florida, this 14th day of January, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:17cv549-MCR-CJK